UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21041-BLOOM/Otazo-Reyes

CHRISTOPHER DUDLEY,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
*d/b/a* NCL
DOLPHIN ENCOUNTERS,
*d/b/a* Blue Lagoon Island

    Defendants.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant NCL (BAHAMAS) Ltd.'s ("NCL" or "Defendant") Motion to Dismiss Complaint, ECF No. [7] ("Motion"). Plaintiff Christopher Dudley filed a Response in Opposition, ECF No. [14], to which Defendant filed a Reply, ECF No. [21]. The Court has reviewed the Motion, the Response, the Reply, the record in this case, applicable case law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

    **I.**    **BACKGROUND**

On March 17, 2023, Plaintiff filed his Complaint against NCL and Co-Defendant Dolphin Encounters doing business as Blue Lagoon Island ("Blue Lagoon") (collectively, "Defendants"). *See* ECF No. [1]. On March 20, 2022, Plaintiff participated in the Blue Lagoon Segway and Beach with Lunch excursion (the "Subject Excursion"). *Id*. ¶¶ 21, 23. Plaintiff alleges he sustained a severe injury to his leg, among other injuries, when he was thrown from a Segway, run over by it, landed on the ground, and the Segway fell on top of him. *Id*. ¶¶ 27, 29. NCL is a cruise line

operator who owned and operated *Norwegian Sky*, the cruise ship aboard which he was a passenger. *Id.* ¶¶ 3, 5. Blue Lagoon provides the subject excursion including the Segway Tour. *Id.* ¶ 42. Plaintiff asserts five counts: Count I: Negligence (NCL); Count II: Negligent Selection and Retention of Tour Operator (NCL); Count III: Negligence (Blue Lagoon); Count IV: Apparent Agency or Agency by Estoppel (NCL); and Count VI:[1] Joint Venture (Defendants). *See generally id*.

On May 30, 2023, NCL filed the instant Motion seeking dismissal of Plaintiff's Complaint, contending that the allegations are insufficient to state claims against NCL. *See* ECF No. [7]. Plaintiff responds that the allegations in his Complaint are sufficiently pled. *See* ECF No. [14].

## II.    LEGAL STANDARD

### A. Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

---

[1] The Court notes that Plaintiff did not allege a Count V, and numbers the Counts in the Complaint consistently with how they appear in the Complaint. *See* ECF No. [1].

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

### B. General Maritime Law

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011)

### III.  DISCUSSION

Defendant moves to dismiss Counts I, II, IV, and VI, asserting that the claims are either premised on duties not owed under maritime law, unsupported by sufficient factual pleading, or contradicted by documents properly attached to his Motion. *See generally* ECF No. [7]. Plaintiff

responds that each claim is sufficiently pled and the Court should not consider extrinsic evidence not specifically attached or made central to his Complaint in assessing Defendant's Motion. *See generally* ECF No. [14]. The Court addresses the parties' arguments as they relate to each Count.

### A. Count I: Negligent Failure to Warn and General Negligence

Defendant contends that Count I should be dismissed because (1) the Complaint fails to allege duties imposed by maritime law; (2) the open and obvious doctrine is fatal to the duty to warn theory of liability; (3) the Complaint fails to allege a hazardous condition existed; and (4) Plaintiff fails to allege that NCL had actual or constructive notice of the allegedly deficient instruction provided by Blue Lagoon. ECF No. [7] at 4-7. Plaintiff responds that (1) NCL owes a duty of reasonable care to plaintiff; (2) the dangerous condition was not open and obvious; (3) Plaintiff alleges numerous failures by NCL; and (4) Plaintiff sufficiently pled notice. ECF No. [14] at 4-14. The Court addresses each argument in turn.

"To prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Chaparro*, 693 F.3d at 1336). Further, "[i]t is clearly established that cruise lines owe their passengers a duty to warn of known or foreseeable dangers." *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-CV-22295, 2015 WL 8227674, at *3 (S.D. Fla. Dec. 7, 2015). However, in order to have a duty to warn of a danger, the cruise line must have "actual or constructive notice of the unsafe condition." *Horne v. Carnival Corp.*, 741 F. App'x 607, 608 (11th Cir. 2018) (citing *Keefe*, 867 F.2d at 1322).

### i. Duties Imposed by Maritime Law

Defendant argues that a theory of strict liability "is not sustainable under the governing maritime law." ECF No. [7] at 4. Plaintiff responds that "Defendant misstates that Plaintiff is claiming NCL is strictly liable for the subject incident" and that "Defendant owes Plaintiff a duty of reasonable care under the circumstances. ECF No. [14] at 4.

Generally, "[o]nce [a] passenger leaves the ship, a cruise ship operator 'only owes its passengers a duty to warn of known dangers in places where passengers are invited or reasonably expected to visit.'" *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1340 (S.D. Fla. 2016). "Although generally the duty to warn is the most relevant duty regarding off-vessel excursions, a cruise ship might have additional obligations under the reasonable care standard, if, for example, there is an agency relationship between the cruise ship and the excursion operator." *Bailey v. Carnival Corp.*, 369 F. Supp. 3d 1302, 1310 (S.D. Fla. 2019) (internal quotation marks and citation omitted). "The duty to warn of known dangers beyond the ship is, in fact, a subset of the general duty of reasonable care that a shipowner owes to its passengers." *Blow v. Carnival Corp.*, No. 22-22587-CIV, 2023 WL 3686840, at *8 (S.D. Fla. May 26, 2023).

> In Count I of the Complaint, Plaintiff alleges that NCL,
>
> individually and/or by and through its service providers, agents, servants, joint venturers and/or employees owed Plaintiff non-delegable duties, including a duty to warn of dangers of which the carrier knew or reasonably should have known. This duty extends beyond the port to places where the passenger is invited to or may reasonably be expected to visit. NCL advertised, marketed, sold and contracted with Plaintiff to provide the subject excursion including the Segway Tour excursion and, thus, should have expected Plaintiff to visit it and participate in it.

ECF No. [1] ¶ 45.

Defendant argues that "[a]fter the passenger leaves the ship, the shipowner only owes the passenger the duty to warn of known dangers in areas where they are reasonably expected to visit." ECF No. [7] at 4. Defendant further asserts that "[t]he shipowner does not owe a legal duty to

5

provide a safe shore excursion; the governing maritime law does not recognize such a duty." *Id*. In support of those arguments, Defendant primarily relies on *Chaparro v. Carnival Corp.,* 693 F.3d 133, 1337 (11th Cir. 2012) and *Thompson v. Carnival Corp.,* 174 F. Supp. 3d 1327, 1340 (S.D. Fla. 2016). In *Chaparro*, the Eleventh Circuit adopted a Florida state court's admiralty decision that "a cruise line owes its passengers a duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit." *Chaparro*, 693 F.3d at 1336 (citing *Carlisle v. Ulysses Line Ltd., S.A.*, 475 So. 2d 248, 251 (Fla. 3d DCA 1985)). The *Thompson* court likewise held that that "[o]nce the passenger leaves the ship, a cruise ship operator only owes its passengers a duty to warn of known dangers in places where passengers are invited or reasonably expected to visit." *Thompson*, 174 F. Supp. 3d at 1340 (internal quotation marks and citation omitted).

Plaintiff responds that "the inherently dangerous activity doctrine imposes a nondelegable duty to perform, or have others perform, the activity in a reasonably safe manner." ECF No. [14] at 4. Plaintiff further argues that where "an inherent danger exists, a principal's liability for the undertaking is not transferred to an independent contractor, and, thus, the principal remains liable for the independent contractor's acts of negligence." *Id*. In support, Plaintiff relies on *Midyette v. Madison*, 559 So. 2d 1126 (Fla. 1990). There, the Florida Supreme Court held that where an inherent danger exists, "the principal's liability for the undertaking is not transferred to the contractor." *Id*. at 1128. Plaintiff further contends that admiralty decisions adopt the law of the state in which the district court is located, so NCL owes a nondelegable duty because the Subject Excursion included an inherently dangerous activity. ECF No. [14] at 5-6.

Plaintiff fails to cite any case law where such a duty has been applied to a cruise line defendant under maritime law. The Court identified one case from this district where a court

6

Case 1:23-cv-21041-BB   Document 27   Entered on FLSD Docket 08/16/2023   Page 7 of 20

Case No. 23-cv-21041-BLOOM/Otazo-Reyes

considered such an argument. In that case, the court found that "the dangerous instrumentality doctrine may only be applied to a party who has an identifiable property interest in the vehicle or [or vessel] at issue." *Meyer v. Carnival Corp.*, No. 12-20321-CIV, 2013 WL 12061857, at *3 (S.D. Fla. Sept. 4, 2013) (internal quotation marks and citation omitted). The Court therefore applies Eleventh Circuit precedent and finds that NCL does not owe a special duty related to inherently dangerous activities but owes the duty "to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit." *Chaparro*, 693 F.3d at 1336 (citation omitted).

However, Plaintiff's Complaint also includes allegations that Defendant owed Plaintiff a duty to warn of dangers which Defendant knew or reasonably should have known. Applying the standard articulated in *Chaparro*, the Court does not find Count I of the Complaint to be foreclosed. Instead, the Court finds that the Complaint articulates the correct duty owed – a duty of reasonable care, and specifically a duty to warn of known dangers beyond the ship. *See Blow*, 2023 WL 3686840, at *8. The Court therefore proceeds to address Defendant's next argument.

### ii. Open and Obvious Danger

Next, Defendant argues that Count I should not survive because "a negligence claim alleging a breach of the duty to warn cannot survive where the alleged hazard is open and obvious because there is no duty to warn of open and obvious hazards." ECF No. [7] at 5. Plaintiff responds that "Defendant fails to demonstrate that the dangerous condition was open and obvious." ECF No. [14] at 6.

The caveat to the general condition that a cruise line must have actual or constructive notice of an unsafe condition is that "there is no duty to warn of open and obvious dangers." *See Horne v. Carnival Corp.*, 741 F. App'x 607, 608 (11th Cir. 2018) (citations omitted). Whether a danger

is open and obvious "is guided by the 'reasonable person' standard." *Id.* (quoting *Frasca v. NCL (Bahamas), Ltd.*, 654 F. App'x 949, 951 (11th Cir. 2016)).

It is "generally accepted that the legal question of whether a condition is open and obvious is better decided [not at the motion to dismiss stage but] after some factual development." *Flaherty*, 2015 WL 8227674, at *3; *Lipkin v. Norwegian Cruise Line Ltd.*, 93 F. Supp. 3d 1311, 1320 (S.D. Fla. 2015) (declining to rule at motion to dismiss stage the "question of whether the allegedly dangerous condition was open or obvious" because it "requires a context specific inquiry and necessitates development of the factual record before the Court can decide whether, as a matter of law, the danger was open and obvious") (citation omitted); *Brown v. Oceania Cruises, Inc.*, No. 17-22645-CIV, 2017 WL 10379580, at *3 (S.D. Fla. Nov. 20, 2017) (explaining that "the Court sides with the numerous courts in this District, which have held the question of whether a danger is open and obvious should be resolved only after the factual record has been developed" and not on a motion to dismiss).

Defendant relies on another case in this district where the court determined that a motion to dismiss should be granted because Plaintiff did not allege "[h]ow this allegedly dangerous condition could have been foreseeable to Defendant cruise line and not to the plaintiff piloting the Segway[.]" *Meyer v. Carnival Corp.*, No. 12-20321-CIV, 2013 WL 12061857, at *4 (S.D. Fla. Sept. 4, 2013). Here though, Plaintiff alleges that in addition to breaching its duty to warn by failing to provide adequate warning of inherently dangerous conditions for the subject excursion, Defendant also breached its duty by:

> b. Failing to sufficiently and adequately train and instruct passengers to safely use and operate the Segway prior to use during the excursions;
> c. Failing to warn the Plaintiff and other cruise ship passengers that NCL does not train passengers, inspect and/or maintain, ride along or periodically participate in the subject Segway tour and/or excursion; and/or

>
> d. Failing to advise the Plaintiff and other cruise ship passengers that NCL does not verify that the subject Segway training and tour and/or excursion are reasonably safe and/or inspected; and/or
> e. Failing to warn passengers that the subject excursion does not have sufficient safety equipment; and/or
> f. Failing to warn of the inherently unsafe, defective or dangerous conditions set forth in paragraphs 46(a)-(g).

ECF No. [1] ¶ 48.

Although failure to warn of an inherently unsafe condition may at a later stage of proceedings be determined to be barred because the condition was open and obvious, it is not subject to dismissal at this stage, in part because Plaintiff specifically alleges that "[t]he dangerous conditions of the subject excursion and the Segway device were not open and obvious to Plaintiff." *Id*. ¶ 46(g). Plaintiff also alleges failure to warn of the following conditions: that passengers will not receive adequate instruction and training, that NCL does not train passengers, inspect and/or maintain, ride along or periodically participate in the subject Segway tour and/or excursion, and that the excursion lacks sufficient safety equipment, which neither party contends were open and obvious hazards. *See id*. ¶ 48.

Defendant raises the alternative argument that the Ticket Contract "contained an express warning that during the cruise, there will be opportunities for guests to participate in athletic or recreational activities either on board or on shore, and it is possible to sustain injury while participating in these activities." ECF No. [7] at 6 (citing ECF No. [7-3]). Plaintiff contends that the Court should not consider the extrinsic document. *See* ECF No. [14] at 3. Plaintiff points out that he alleged in his Complaint that NCL advertised the Subject Excursion including key language which stated among other things "[o]ur knowledgeable and fun guides keep you safe[.]" ECF No. [1] ¶ 15.

Even were the Court to consider the Ticket Contract, Defendant has not provided any authority which suggests a general warning in a Ticket Contract is sufficient under the

circumstances. Defendant merely argues that "the Ticket Contract contained an express warning" and that Plaintiff "acknowledged receiving this warning" but does not cite any case law to support that the warning satisfied NCL's duty under the circumstances. *See* ECF No. [7] at 6. Accordingly, dismissal is not appropriate.

### iii. Existence of Hazardous Condition

Defendant argues that "the Complaint fails to articulate the existence of a hazardous condition." ECF No. [7] at 6. Plaintiff responds that he alleged multiple dangerous conditions in Count I of his Complaint. ECF No. [14] at 8.

The Complaint clearly contradicts Defendant's argument. Count I recites the following allegedly dangerous conditions:

> a. Operating the subject Segway Tour in dangerous road conditions;
> b. Operating the subject Segway Tour in an unsafe, dangerous, and reckless manner;
> c. Operating the subject Segway Tour without proper monitoring of the riders-specifically while training passengers for safe use;
> d. Inadequate and insufficient instructions and training for riders and passengers;
> e. Inadequate training, supervision, and equipment for the drivers;
> f. Overbooking the subject excursion necessitating speedier than warranted training and instruction, under the circumstances, of Segway Tour rides to ensure cruise passengers are returned to his/her cruise ship in a timely fashion, i.e., before scheduled departures;

ECF No. [1] ¶ 46.

Accordingly, accepting the allegations in the Complaint as true, the Court finds that Plaintiff has adequately pled that a dangerous or hazardous condition existed.

### iv. Notice of Hazardous Condition

Defendant argues that "the Complaint fails to allege how NCL knew or should have known that the Segway operation instructions provided by Blue Lagoon on the date of the incident were

10

insufficient for Plaintiff." ECF No. [7] at 7. Plaintiff responds that "Plaintiff has plead sufficient factual allegations and not simply formulaic legal conclusions." ECF No. [14] at 9.

Defendant correctly states that Plaintiff must allege that Defendant had either actual or constructive notice of the allegedly hazardous condition. As previously explained, in order to have a duty to warn of a danger, the cruise line must have "actual or constructive notice of the unsafe condition." *Horne*, 741 F. App'x at 608 (citing *Keefe*, 867 F.2d at 1322).

Plaintiff points to the allegations in ¶ 47 of his Complaint which allege that NCL had actual and constructive knowledge of the dangerous conditions set forth in ¶ 46. One example excerpted from the Complaint to demonstrate actual notice includes that "NCL visited and participated in the excursion as part of its initial and interim (i.e., annual renewal) approval process for selecting the subject excursion to be offered to its passengers and, thus knew or should have known of the dangerous and/or defective conditions and brief and insufficient orientation and training[.]" *Id* ¶ 47(a)(i). Another example demonstrating constructive knowledge is the allegation that NCL should have known of one or more of the dangerous conditions alleged in in ¶ 46 because the condition(s) "existed for a sufficient length of time so that NCL should have known, through the exercise of reasonable and due care, under the circumstances, of it when visiting the site to ensure it is safe for its passengers." *Id* ¶ 47(b)(i).

Plaintiff has alleged multiple sources of notice, including the initial approval and continued inspections of Blue Lagoon by Defendant, were sufficient for NCL to have knowledge of the unsafe conditions about which Plaintiff claims he should have been warned and for which he claims Defendant was negligent.

Plaintiff has sufficiently alleged that NCL had a duty of reasonable care and to warn of known dangers, that defendant breached that duty, which actually and proximately caused his injuries. *See* ECF No. [1] ¶¶ 45-49. Accordingly Count I is not subject to dismissal.

### B. Count II: Negligent Selection and Retention

Defendant argues that Count II should be dismissed because "it lacks the requisite foundation under *Iqbal and Twombly* to render this theory of liability plausible, instead of just conceivable." ECF No. [7] at 8. Plaintiff responds that his Complaint "properly alleges that the excursion operator was negligently selected, retained and hired, and that the cruise line knew or should have known that the excursion operator was incompetent or unfit to perform the work, and that the incompetence or unfitness proximately caused her [sic] injuries." ECF No. [14] at 14.

"Though cruise ship owners ... cannot be held vicariously liable for the negligence of an independent contractor, it is well-established that they may be liable for negligently hiring or retaining a contractor." *McLaren v. Celebrity Cruises, Inc.*, No. 11-23924-CIV, 2012 WL 1792632, at *4 (S.D. Fla. May 16, 2012) (quoting *Smolnikar*, 787 F. Supp. 2d at 1318). Negligent hiring occurs when, "prior to the time the employee is actually hired, the employer knew or should have known of the employee's unfitness, and the issue of liability primarily focuses upon the adequacy of the employer's pre-employment investigation into the employee's background." *Mumford v. Carnival Corp.*, 7 F. Supp. 3d 1243, 1249 (S.D. Fla. 2014) (citing *Williams v. Feather Sound, Inc.*, 386 So. 2d 1238 (Fla. 2d DCA 1980)).

To state a claim for negligent hiring, a plaintiff must allege "(1) that an employee or independent contractor (like an excursion entity) was incompetent or unfit to perform the work provided; (2) that Defendant knew [or] reasonably should have known of the particular incompetence or unfitness; and (3) that the competence or unfitness proximately caused the

12

injuries." *Kennedy v. Carnival Corp.*, 385 F. Supp. 3d 1302, 1334 (S.D. Fla. 2019) (citing *Smolnikar*, 787 F. Supp. 2d at 1318), *report and recommendation adopted,* No. 18-CV-20829, 2019 WL 2254962, at *1 (S.D. Fla. Mar. 21, 2019).

Defendant cites two cases from this district in which courts dismissed negligent selection and hiring claims. In the first, *Ferretti v. NCL (Bahamas) Ltd.*, the court found the allegation that the excursion provider "was unfit to provide beach excursion services is conclusory and unsupported by any factual allegations." No. 17-CV-20202, 2018 WL 1449201, at *4 (S.D. Fla. Mar. 22, 2018). The *Ferretti* court continued to explain that the allegation that the cruise ship defendant was negligent in hiring the excursion provider because the excursion provider "allegedly failed to provide a proper warning *in this case*, is wholly insufficient to state a claim because that information could not have been available to Defendant at the time it hired [the excursion provider]." *Id*. Similarly, in *Gayou v. Celebrity Cruises, Inc.*, the court found that the plaintiff failed to adequately support its claim for negligent hiring or retention of an independent contractor with relevant facts. No. 11-23359-CIV, 2012 WL 2049431, at *5 (S.D. Fla. June 5, 2012).

Plaintiff relies on *Chaparro* and argues that the Complaint sufficiently alleges a negligent selection and hiring claim. There, the Eleventh Circuit found that the district court erred in dismissing the plaintiff's negligence claim where "[t]he facts alleged in the complaint are plausible and raise a reasonable expectation that discovery could supply additional proof of Carnival's liability." *Chaparro*, 693 F.3d at 1337.

In his Complaint, Plaintiff alleges that:

NCL knew or reasonably should have known that the tour operator, Blue Lagoon was incompetent or unfit to conduct the subject excursion as:
a. The subject Segway tour had insufficient safety orientation, training and instruction;
b. Other passengers were injured on the subject Segway;

13

  c. NCL received complaints from previous passengers about incompetent and/or unfit and unsafe operation of the subject Segway tour;
  d. NCL was told by its passenger(s) that they suffered injuries, and or/near miss and/or harrowing incidents during the subject Segway tour as a result of the operator's negligent operation of the subject excursion;
  e. NCL reviewed complaints of prior passengers that were posted on the internet, including its own websites, industry and cruise websites, at its own guest relations desk, and end of cruise comment cards or as received during cruises, discussing the unreasonably hazardous conditions on the subject Segway tour, including but not limited to the tour operator's incompetent and/or unfit user orientation, training and operation of the excursion; and/or
  f. The tour operator's provision of an inherently dangerous activity, and it's [sic] known, discoverable and foreseeable hazards, incompetence and/or unfitness existed for a sufficient length of time so that NCL, through exercise of reasonable care and due diligence, under the circumstances, should have known these inherently dangerous circumstances, when visiting the site to ensure it is safe to sell the subject excursion to its passengers[.]

ECF No. [1] ¶ 52.

  Those allegations include more facts supporting a claim for negligent selection and hiring than the complaints the courts considered in *Ferretti* or *Chaparro*. Because the facts are plausible and "raise a reasonable expectation that discovery could supply additional proof" of NCL's liability, the Court finds that Plaintiff has sufficiently pled facts to support each element of a claim for negligent selection and/or retention. *Chaparro*, 693 F.3d at 1337. Count II is therefore not due to be dismissed.

  **C. Count IV: Negligence Based on Apparent Agency or Agency by Estoppel**

  Defendant argues that Plaintiff's claim for vicarious liability should be dismissed because Plaintiff's underlying negligence claim is legally deficient, and Plaintiff's theory of apparent agency fails because it is contradicted by the Ticket Contract. ECF No. [7] at 8-9. Plaintiff responds that the Court should not consider the Ticket Contract and should find that Count IV presents only issues of fact not to be determined on a motion to dismiss. ECF No. [14] at 18.

  "[A]bsent any statutory mandate to the contrary, the existence of an agency relationship is a question of fact under the general maritime law." *Franza v. Royal Caribbean Cruises, Ltd.*, 772

14

F.3d 1225, 1235-36 (11th Cir. 2014). "Under federal maritime law, a defendant can be held vicariously liable through the doctrine of apparent agency." *Twyman v. Carnival Corp.*, 410 F. Supp. 3d 1311, 1323 (S.D. Fla. 2019). "Apparent agency will be established when: 1) the alleged principal makes some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal, 2) that such belief was reasonable and 3) that the claimant reasonably acted on such belief to his detriment." *Doonan v. Carnival Corp.*, 404 F. Supp. 2d 1367, 1371 (S.D. Fla. 2005). "In Florida, agency by estoppel is nearly the same as apparent agency. The Eleventh Circuit does not even consider the two separately." *Belik v. Carlson Travel Group, Inc.*, 864 F. Supp. 2d 1302, 1312 (S.D. Fla. 2011).

The Court has already determined that Plaintiff's underlying negligence claim does not warrant dismissal. As such, it considers only the theory that the vicarious liability claim fails because it is contradicted by the Ticket Contract. Defendant specifically argues that "the Ticket Contract expressly explains that the shore excursions are operated by independent contractors, who work directly for the guest and for which NCL does not supervise, control, or guarantee." ECF No. [7] at 9 (quoting ECF No. [7-3] ¶ 9(a). Defendant argues that as a result, Count IV warrants dismissal.

Plaintiff argues that the Court should not consider the Ticket Contract and points to *Franza* in support. In *Franza*, the Eleventh Circuit considered whether it was proper "to look beyond the complaint" to a passenger ticket contract attached to the defendant's motion to dismss "which purports to limit the ship's liability for onboard medical services. *Franza*, 772 F.3d at 1237. The *Franza* court "declined to consider the passenger ticket for three reasons[:]" (1) "Franza did not attach the ticket contract to the complaint"; (2) "the complaint makes no mention of the contract"; and (3) "even if we were to look at the contract at this stage, we would not consider the nurse and

15

Case No. 23-cv-21041-BLOOM/Otazo-Reyes

doctor to be independent contractors simply because that is what the cruise line calls them." *Id*. at 1237-38. The Eleventh Circuit reversed the district court's dismissal of the apparent agency claim, finding that the plaintiff "plausibly alleged all of the elements of apparent agency." *Id*. at 1237-38, 1249, 1253.

However, unlike in *Franza*, the excursion ticket contract here is central to Plaintiff's Complaint. Although not attached to the Complaint, Plaintiff explicitly relies on the Ticket Contract, alleging that "This action is being filed in this Court pursuant to the terms and conditions in the Passenger Contract Ticket issued by Defendant NCL. ECF No. [1] ¶ 2.

Nevertheless, the Eleventh Circuit's third reason for declining to consider the passenger ticket in *Franza* is applicable here. Even if we were to look at the Passenger Contract ticket which explains that shore excursions are operated by independent contractors, we would not consider the shore excursion operators "to be independent contractors simply because that is what the cruise line calls them." *See Franza*, 772 F.3d at 1238; ECF No. [7-3] ¶ 9(a).

Here, Plaintiff has sufficiently alleged that he relied on representations, materials, and assurances that created ambiguity as to the relationship between NCL and Blue Lagoon and the allegations in the Complaint state a claim for apparent agency. *See* ECF No. [1] ¶¶ 63-68. Recent case law from this district cited by Plaintiff further supports the sufficiency of the allegations. *See Martinez v. Celebrity Cruises, Inc.*, No. 20-23585-CIV, 2021 WL 356159, at *5-6 (S.D. Fla. Jan. 8, 2021), *report and recommendation adopted,* No. 20-23585-CIV, 2021 WL 355134 (S.D. Fla. Feb. 2, 2021).

The allegations in Count IV include that NCL made representations and provided marketing materials and recommendations which caused Plaintiff to believe that Blue Lagoon had authority to act for the benefit of NCL including: advertising the Subject Excursion, allowing its

16

name to be utilized in connection with advertising the Subject Excursion, making arrangements for the subject excursion, representing that excursions are planned by partners, using its company logo on marketing materials, maintaining an excursion desk whereby it offered, sold, provided information about and answered questions about the Subject Excursion, recommending Plaintiff not to engage in excursions not sold through NCL, providing assurances that its insured partners adhered to the highest safety standards, collecting and charging the fee for the Subject Excursion, issuing the receipt for the purchase of the Subject Excursion, and integrating excursions into the cruise experience. *Id*. ¶ 63. The Complaint further explains that Plaintiff reasonably believed the "Blue Lagoon personnel were NCL's employee(s) and/or agent(s) because Plaintiff booked, paid for and made all necessary arrangements for the [Subject Excursion] with NCL." *Id*. ¶ 65.

Given the sufficiency of the allegations, the Court declines to dismiss Count IV.

**D. Count VI: Negligence Based on Joint Venture**

Defendant argues that "Plaintiff fails to state a sufficient factual basis on which to plead the existence of a joint venture." ECF No. [7] at 9. Plaintiff responds that the Court should not consider the Standard Shore Excursion Agreement ("SSEA") attached to NCL's Motion to Dismiss and that it sufficiently stated a claim for negligence against NCL based upon joint venture. ECF No. [14] at 19-20.

To assert a joint venture theory of negligence liability, a plaintiff must allege the following elements: "(1) a community of interest in the performance of a common purpose; (2) joint control or right of control; (3) a joint proprietary interest in the subject matter; (4) a right to share in the profits; and (5) a duty to share in any losses which may be sustained." *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F.Supp.2d 1351, 1357 (S.D. Fla. 2009).

17

Case No. 23-cv-21041-BLOOM/Otazo-Reyes

Defendant argues that the SSEA directly contradicts Plaintiff's allegation that the parties intended to create a joint venture. ECF No. [7] at 10.

Plaintiff responds that the SSEA "clearly goes beyond the four corners of Plaintiff's Complaint" and is therefore not sufficiently central to Plaintiff's claim to be considered on a motion to dismiss. ECF No. [14] at 19. However, while not specifically referred to in the Complaint as the SSEA, Plaintiff alleges that "NCL and BLUE LAGOON entered into an agreement where NCL would sell the subject excursion to its passengers and BLUE LAGOON would operate said excursion." ECF No. [1] ¶ 70. The Court therefore rejects Plaintiff's contention that the SSEA is not central to the Complaint and finds that it is appropriate to consider in resolving that portion of the Motion. *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.").

The terms of the SSEA explicitly state that "[n]othing related in this agreement shall be construed as constituting Operator and Norwegian as partners, or as treating the relationship as one of employer and employee, franchisor and franchisee, master and servant, principal and agent or joint venturers." ECF No. [7-1] ¶ 2. Defendant cites two cases from this district where courts dismissed similar claims after examining similar language in the relevant tour operator agreements. *See* ECF No. [7] at 10. In *Zapata v. Royal Caribbean Cruises, Ltd.*, the court considered a motion to dismiss a joint venture claim in a case involving an injury sustained during an excursion. No. 12-CV-21897, 2013 WL 1296298, at *5-6 (S.D. Fla. Mar. 27, 2013). The defendant relied on a

18

Tour Operator Agreement which specifically stated the nature of the relationship between the excursion operator and the cruise line to support its argument for dismissal of the joint venture claim. *Id*. at *6. The *Zapata* court concluded that "[t]he unambiguous language of the Tour Operator Agreement directly contradicts Plaintiff's allegations and warrants the dismissal of Plaintiff's joint venture claim." *Id*. In *Singh v. Royal Caribbean Cruises Ltd.*, another court in this district considered a motion to dismiss a negligence claim based on joint venture between a cruise line and an excursion entity. 576 F. Supp. 3d 1166, 1188-89 (S.D. Fla. 2021). The defendant attached a copy of the tour operator agreement, which included language that "expressly disclaims a joint venture relationship between the parties[,]" to its motion. *Id*. at 1189.The *Singh* court held that because "joint venture is expressly disclaimed in the Tour Operator Agreement, Plaintiff's claim for a joint venture theory of vicarious liability cannot survive." 576 F. Supp. 3d 1166, 1189 (S.D. Fla. 2021).

Plaintiff responds by citing *Holcomb v. Carnival Corp.*, No. 20-22429-CIV, 2020 WL 6018782 (S.D. Fla. Oct. 6, 2020), *report and recommendation adopted,* No. 20-22429-CIV, 2021 WL 199700 (S.D. Fla. Jan. 20, 2021). In that case, the court considered a similar motion to dismiss, and the defendant attached the relevant tour operator agreement. The court determined that "[b]ecause these allegations are sufficient to state a joint venture claim and the relevancy of the [Tour Operator Agreement] is an issue more appropriately considered on either a motion for summary judgment or at trial, Carnival's motion to dismiss count 6 should be [denied]." *Id*. at *6. Notably, the *Holcomb* court determined that the tour operator agreement could not be considered at the motion to dismiss stage because the complaint in that case never made reference to the tour operator agreement. *Id*. at *5. Here, by contrast, the Court has determined that the SSEA is relevant and properly considered as central to Plaintiff's claim.

The language in the SSEA explicitly contradicts the allegations in Count VI rendering Plaintiff's alleged belief that NCL and Blue Lagoon were engaged in a joint venture in conflict with the controlling document. Because Plaintiff has not distinguished this case from those in this district which found substantially similar claims subject to dismissal under substantially similar circumstances, the Court finds that Count VI must be dismissed with prejudice.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [7]**, is **GRANTED IN PART and DENIED IN PART** consistent with this Order.
2. Counts VI of Plaintiff's Complaint, ECF No. [1], is **DISMISSED**.

Defendant shall file an Answer to the remaining Counts in Plaintiff's Complaint by **August 24, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 15, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record